IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | : | |
| | : | Case No: 1607006836 |
| | : | In and For Kent County |
| v. | : | |
| | : | |
| LARRY WHEELER, | : | |
| | : | |
| Defendant. | : | |

## **O R D E R**

Defendant herein has Moved to Suppress all evidence seized as a result of a search and seizure of his person and property on July 9, 2016.

The parties agree that at approximately 9:55 a.m. on that date Dover Police Officer Hurd conducted a traffic stop, based on a brake light malfunction and suspicion of unlawful window tinting.

Defendant was a passenger in the stopped vehicle.

The driver and Defendant were asked by Officer Hurd to identify themselves. Defendant had a book bag in which he unsuccessfully looked for identification. He did, however, correctly identify himself. The State alleges that, in the course of his unsuccessful search, Defendant "bladed" his body, which is intended to convey some insertion of himself between the book bag and the officer.

When Officer Hurd did a computer check on Defendant, he found that an outstanding capias existed – evidently on a prior, unrelated failure to appear by Defendant. Although, this had merely been a traffic stop, where Defendant was only a passenger in the vehicle, Officer Hurd acted upon the discovered capias, arresting and handcuffing Defendant, and placing him into the police vehicle.

At that time, the driver of Defendant's vehicle was said "to be getting

increasingly nervous and his hands were 'shaking' in front of his body." Whether or not that had import relative to the driver of the vehicle, it had nothing consequential to do with Defendant. Nevertheless, Officer Hurd, with Defendant removed from the car and secured in the police vehicle, returned to the book bag into which Defendant had earlier looked for identification, which bag was still located in the car.

In that situation, Officer Hurd searched Defendant's book bag without warrant. Defendant – having been a passenger in a vehicle stopped for suspicion of a tail light/traffic violation – was securely in a position where he could not cause concern about reaching for a weapon in the bag or destroy any product in the bag. Nevertheless, the State argues that the search of the bag was "incident to arrest" in this case.

The general rule justifying such a search is founded on the concept that the permissibility of a warrantless search "incident to arrest" was to prevent the destruction of evidence or access to a weapon.[1] Certainly, no such search justification exists in this case.

That rationale, though, has been "refined" many times. *Arizona v. Gant*, for example, held that "police may search a vehicle incident to a recent occupant's arrest *only* if the arrest is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe that the vehicle contains evidence of arrest."[2] Since Defendant was clearly not within reaching distance of the car and had

---

[1] *Terry v. Ohio*, 392 U.S. 1 (1968).

[2] *Arizona v. Gant*, 556 U.S. 332 (2009).

no control over the bag in the instant case, and since neither the car nor the bag had any relationship to Defendant's arrest on an outstanding capias, *Arizona v. Gant*, supra would disallow any evidence secured from Defendant's book bag.

Therefore, any evidence obtained from the search of Defendant's book bag is suppressed. Defendant's Motion relative thereto is **GRANTED**.

The submitted material, however, is insufficient to determine whether or not the ensuing search of the vehicle – driven by someone other then Defendant – is fruit of the knowledge gleaned from the book bag search; or whether or not Defendant even has standing to object to that search. Accordingly, the parties are instructed to address that issue separately, if pursuit thereof is desired.

**SO ORDERED** this 16th day of December, 2016.

/s/ Robert B. Young<br>J.

RBY/lmc
oc:   Prothonotary
cc:   Gregory R. Babowal, Esquire
       Anthony J. Capone, Esquire
       Opinion Distribution